UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEVI COMBS and ESTEBAN
TRUJILLO, on behalf of themselves and
all others similarly situated,

                            Plaintiffs,

             -against-

WARNER MUSIC GROUP,

                        Defendant.

**<u>ORDER</u>**

20 Civ. 7473 (PGG)

CHRISTIE KUHN and SUSAN CAKL, on
behalf of themselves and all others
similarly situated,

                            Plaintiffs,

             -against-

WARNER MUSIC GROUP,

                        Defendant.

20 Civ. 7608 (PGG)

RAISTLIN BEARDSLEY, on behalf of
himself and all others similarly situated,

                            Plaintiffs,

             -against-

WARNER MUSIC GROUP,

                        Defendant.

20 Civ. 7967 (PGG)

NICHOLAS CIMAGLIO, on behalf of himself and all others similarly situated,

                              Plaintiff,
              -against-                           20 Civ. 8085 (PGG)

WARNER MUSIC GROUP,
                              Defendant.

ALI GUTIERREZ and ASHLEY FOSTER, on behalf of themselves and all others similarly situated,

                              Plaintiffs,        20 Civ. 8117 (PGG)
              -against-

WARNER MUSIC GROUP,
                              Defendant.

NOAH WATTS, on behalf of himself and all others similarly situated,

                              Plaintiff,         20 Civ. 8644 (PGG)
              -against-

WARNER MUSIC GROUP,
                              Defendant.

JON HART, on behalf of himself and all others similarly situated,

                              Plaintiff,         20 Civ. 8952 (PGG)
              -against-

WARNER MUSIC GROUP,
                              Defendant.

| | |
|---|---|
| ALEXANDER BUCK, on behalf of himself and all others similarly situated,<br><br>                                Plaintiff,<br>           -against-<br><br>WARNER MUSIC GROUP,<br>                         Defendant. | 20 Civ. 9075 (PGG) |
| COURTNEY HAMMETT, on behalf of herself and all others similarly situated,<br><br>                                Plaintiff,<br>           -against-<br><br>WARNER MUSIC GROUP,<br>                         Defendant. | 20 Civ. 9261 (PGG) |

PAUL G. GARDEPHE, U.S.D.J.:

Pending before the Court is an unopposed motion to consolidate nine related putative class actions and any subsequently-filed cases.  See Combs v. Warner Music Group, Case No. 20 Civ. 7473; Kuhn v. Warner Music Group, Case No. 20 Civ. 7608; Beardsley v. Warner Music Group, Case No. 20 Civ. 7967; Cimaglio v. Warner Music Group, Case No. 20 Civ. 8085; Guitierrez v. Warner Music Group, Case No. 20 Civ. 8117; Watts v. Warner Music Group, Case No. 20 Civ. 8644; Hart v. Warner Music Group, Case No. 20 Civ. 8952; Buck v. Warner Music Group, Case No. 20 Civ 9075; and Hammett v. Warner Music Group, Case No. 20 Civ. 9261.  For the reasons stated below, these actions will be consolidated.

## BACKGROUND

Defendant Warner Music Group owns and operates several record labels and a music publisher, and also operates websites selling merchandise and music for thousands of the recording artists it represents.  (Combs Cmplt. (Case No. 20 Civ. 7473, Dkt. No. 1) ¶ 2)

Starting on or about September 2, 2020, Warner Music Group announced that it had been the target of a "magecart" hack between April 25, 2020 and August 5, 2020, where customers' personal identification and credit card information was scraped or skimmed off Defendant's e-commerce platform.  (Id. ¶¶ 27-28, 32-33)

The Combs Complaint was filed on September 11, 2020; the Kuhn Complaint was filed on September 16, 2020; the Beardsley Complaint was filed on September 25, 2020; the Cimaglio Complaint was filed on September 30, 2020; the Guitierrez Complaint was filed on September 30, 2020; the Watts Complaint was filed on October 16, 2020; the Hart Complaint was filed on October 26, 2020; the Buck Complaint was filed on October 29, 2020; and the Hammett Complaint was filed on November 4, 2020.  (Combs Cmplt. (Case No. 20 Civ. 7473, Dkt. No. 1); Kuhn Cmplt. (Case No. 20 Civ. 7608, Dkt. No. 1); Beardsley Cmplt. (Case No. 20 Civ. 7967, Dkt. No. 1); Cimaglio Cmplt. (Case No. 20 Civ. 8085, Dkt. No. 1); Guitierrez Cmplt. (Case No. 20 Civ. 8117, Dkt. No. 1); Watts Cmplt. (Case No. 20 Civ. 8644, Dkt. No. 1); Hart Cmplt. (Case No. 20 Civ.8952, Dkt. No. 1); Buck Cmplt. (Case No. 20 Civ. 9075, Dkt. No. 1); Hammett Cmplt. (Case No. 20 Civ. 9261, Dkt. No. 1))

## DISCUSSION

Plaintiffs in each related action supports consolidation; Defendant also consents.[1] (Pltf. Am. Ltr. (<u>Combs</u>, 20 Civ. 7473, Dkt. No. 27) at 1; Pltf. Second Am. Ltr. (<u>Combs</u>, 20 Civ. 7473, Dkt. No. 29); Pltf. Third Am. Lr. (<u>Combs</u>, 20 Civ. 7473; Dkt. No. 31))

Fed. R. Civ. P. 42(a) provides that a district court may consolidate "actions before the court involv[ing] a common question of law or fact." Fed. R. Civ. P. 42(a). "'A determination on the issue of consolidation is left to the sound discretion of the Court,'" <u>In re UBS Auction Rate Sec. Litig.</u>, No. 08 Civ. 2967 (LMM), 2008 WL 2796592, at *1 (S.D.N.Y. July 16, 2008) (quoting <u>Albert Fadem Trust v. Citigroup Inc.</u>, 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002)), and involves weighing considerations of convenience, judicial economy, and cost reduction while ensuring that the "paramount concern for a fair and impartial trial" is honored. <u>Johnson v. Celotex Corp.</u>, 899 F.2d 1281, 1284-85 (2d Cir. 1990).

Here, consolidation is plainly appropriate. All nine cases arise from the data breach that Warner Music Group announced in early September 2020. (<u>Combs</u> Cmplt. (Case No. 20 Civ. 7473, Dkt. No. 1) ¶¶ 27-28, 32-33; <u>Kuhn</u> Cmplt. (Case No. 20 Civ. 7608, Dkt. No. 1) ¶ 16; <u>Beardsley</u> Cmplt. (Case No. 20 Civ. 7967, Dkt. No. 1) ¶¶ 26-29; <u>Cimaglio</u> Cmplt. (Case No. 20 Civ. 8085, Dkt. No. 1) ¶¶ 19-21; <u>Guitierrez</u> Cmplt. (Case No. 20 Civ. 8117, Dkt. No. 1) ¶¶ 2-3, 25; <u>Watts</u> Cmplt. (Case No. 20 Civ. 8644, Dkt. No. 1) ¶¶ 28-32; <u>Hart</u> Cmplt. (Case No. 20 Civ. 8952, Dkt. No. 1) ¶¶ 3, 15; <u>Buck</u> Cmplt. (Case No. 20 Civ. 9075, Dkt. No. 1) ¶¶ 30-34; <u>Hammett</u> Cmplt. (Case No. 20 Civ. 9261, Dkt. No. 1) ¶¶ 26-30) Each complaint names the same Defendant, and each asserts similar claims based on the sufficiency of Defendant's efforts to protect Plaintiffs' personal identification and payment information. Accordingly, pursuant to

---

[1] Defendant specifically reserves its rights to challenge class certification, however. (Pltf. Am. Ltr. (Dkt. No. 27) at 1)

Rule 42(a), these nine actions – as well as any other related Warner Music Group cases hereafter filed in or transferred to this Court – will be consolidated.

The actions shall be referred to collectively as <u>In re Warner Music Group Data Breach</u>, No. 20 Civ. 7473 (PGG) ("Consolidated WMG Case").  The Clerk of Court shall file a copy of this Order in the separate file for each of the above-captioned Warner Music Group cases.  Unless otherwise ordered by this Court, future filings in any Warner Music Group case herein consolidated shall be filed and docketed only in the Consolidated WMG Case, under the docket number 20 Civ. 7473 (PGG).  All counsel who have entered appearances in the above-captioned cases shall be deemed to have entered an appearance in the consolidated case in the Consolidated WMG Case, under the docket number 20 Civ. 7473 (PGG).  All motions for admission pro hac vice and all orders granting such motions in the above-captioned actions shall also be deemed filed in the Consolidated WMG Case, under the docket number 20 Civ. 7473 (PGG).

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

IN RE: WARNER MUSIC GROUP DATA BREACH

20 Civ. 7473 (PGG)

Counsel is directed to alert the Clerk of Court to the filing or transfer of any case that might properly be consolidated as part of this litigation.  Any class action involving substantially related questions of law and fact hereafter filed in or transferred to this Court shall be consolidated under the master file number assigned to this case.

Every pleading filed in the Consolidated WMG Case under the docket number 20 Civ. 7473 (PGG) shall bear the following caption:

The Court's consolidation order does not make any person, firm, or corporation a party to any action in which the person or entity has not been named, served, or added as such in accordance with the Federal Rules of Civil Procedure.

## **CONCLUSION**

For the reasons set forth above, the above-captioned cases are consolidated under the caption In re Warner Music Group Data Breach, and the files of these actions shall be maintained in one file under Master File No. 20 Civ. 7473 (PGG).  The consolidation is for all purposes, including, but not limited to, discovery, pretrial proceedings, and trial.

The initial pre-trial conference previously scheduled for any of the related actions on January 14, 2021 is adjourned to **February 25, 2021 at 10:00 am**.

Dated: New York, New York

November 10, 2020

SO ORDERED.

Paul G. Gardephe
United States District Judge

7