UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: WARNER MUSIC GROUP DATA BREACH.

**ORDER**

20 Civ. 7473 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

      Pending before the Court are motions to appoint interim co-lead counsel and an executive committee in this consolidated putative class action. For the reasons stated below, Gayle Blatt and Jean Martin will be appointed interim co-lead counsel. The Court will not appoint an executive committee.

## BACKGROUND

      Defendant Warner Music Group owns and operates several record labels, a music publisher, and websites selling merchandise and music for thousands of the recording artists it represents. (Combs Cmplt. (Dkt. No. 1) ¶ 2) On or about September 2, 2020, Warner Music Group announced that it had been the target of a "magecart" hack between April 25, 2020 and August 5, 2020, in which customers' identification and credit card information was obtained from Defendant's e-commerce platform. (Id. ¶¶ 27-28, 32-33)

      The Combs Complaint was filed on September 11, 2020, and alleges claims for negligence and negligence per se, invasion of privacy, unjust enrichment, and violation of New York General Business Law § 349. Eight related complaints followed. On October 16, 2020, Plaintiffs submitted an unopposed motion to consolidate (Dkt. No. 25), and on November 10, 2020, this Court consolidated the nine cases for all purposes under the caption In re Warner Music Group Data Breach. (Nov. 10, 2020 Order (Dkt. No. 34) at 5, 7)

On October 16, 2020, Plaintiffs Levi Combs, Esteban Trujillo, Christie Kuhn, Susan Cakl, Raistlin Beardsly, Nicholas Cimaglio, Ali Gutierrez, and Ashley Foster moved to appoint Gayle Blatt and Jean Martin as Interim Co-Lead Class Counsel, and for the appointment of an Executive Committee.  (Dkt. No. 26)  The motion was initially unopposed, but as additional related cases were filed, certain Plaintiffs' counsel did not consent to the proposed leadership structure.  (Combs and Kuhn Nov. 6, 2020 Ltr. (Dkt. No. 32) at 2)  On November 6, 2020, Plaintiff Noah Watts moved to appoint William B. Federman as Interim Co-Lead Counsel, or alternatively to the Executive Committee.  (Dkt. No. 33)  On November 10, 2020, this Court set December 14, 2020, as the deadline for any further briefing regarding the appointment of interim lead counsel.  (Dkt. No. 35)

There are two competing motions for appointment of interim co-lead counsel. (Dkt. Nos. 44, 46)

Plaintiffs Levi Combs and Christie Kuhn propose that Jean Martin of Morgan & Morgan and Gayle Blatt of Casey Gerry Schenk Francavilla Blatt & Penfield LLP be appointed interim co-lead counsel.  (Combs and Kuhn Br. (Dkt. 47) at 4)[1]  Combs and Kuhn further propose that an executive committee be formed that is comprised of counsel in five of the related cases:  Melissa Emert (Kantrowitz, Goldhamer & Graifman, P.C.); M. Anderson Berry (Arnold Law Firm); Lori G. Feldman (George Gesten McDonald, PLLC); Janine Pollack (Calcaterra Pollack LLP); Carl Malmstrom (Wolf Haldenstein Adler Freeman & Herz LLP); and Yitzchak Kopel (Bursor & Fisher, P.A.).  (Id. at 6)  Martin and Blatt would assign pleadings, discovery and briefing responsibilities to executive committee members.  (Id. at 5)  Counsel representing

---

[1] The page numbers referenced in this Order correspond to the page numbers designated by this District's Electronic Case Files ("ECF") system.

seven other named Plaintiffs have filed declarations in support of the Combs and Kuhn application. (See Dkt. No. 47-2 at 11-31)

Plaintiff Noah Watts seeks the appointment of William B. Federman of Federman & Sherwood as interim co-lead counsel, or alternatively, as a member of the executive committee proposed by Combs and Kuhn. (Watts Br. (Dkt. No. 44) at 1) On January 11, 2021 – nearly a month after the briefing deadline had passed – Plaintiff Alexander Buck submitted a brief in support of Federman's appointment. (Dkt. No. 56)

## DISCUSSION

### I. APPOINTMENT OF INTERIM LEAD COUNSEL

Federal Rule of Civil Procedure 23(g)(3) authorizes courts to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Courts appointing interim lead class counsel "generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)." In re Mun. Derivatives Antitrust Litig., 252 F.R.D. 184, 186 (S.D.N.Y. 2008). Accordingly, this Court must consider "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). The Court may also consider "any other matter pertinent to class counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). "When more than one choice of counsel satisfies these requirements for adequacy, Rule 23(g)(2) provides that the court 'must appoint the applicant best able to represent the interests of' the plaintiffs." In re Mun. Derivatives Antitrust Litig., 252 F.R.D. at 186.

Here, the Rule 23(g)(1)(A)(ii), (iii), and (iv) factors do not favor either application, as all counsel seeking appointment are well-credentialled and experienced in class actions, have served in leadership positions in class actions involving data breaches, and have committed to assigning the resources necessary to adequately represent the putative class. (Combs and Kuhn Br. (Dkt. 47) at 8-11, 13-14; Watts Br. (Dkt. No. 44) at 6-9, 11-12)

As to Rule 23(g)(1)(A)(i), however, Blatt and Martin have the clear advantage, as they were the first to file a complaint against Defendant. (Combs and Kuhn Br. (Dkt. 47) at 12); see also In re GSE Bonds Antitrust Litig., 377 F. Supp. 3d 437, 438 (S.D.N.Y. 2019) (appointing as lead counsel the firms representing "the plaintiffs who filed the first of these consolidated actions"); In re Bystolic Antitrust Litig., No. 20-CV-5735 (LJL), 2020 WL 6700830, at *1 (S.D.N.Y. Nov. 12, 2020) (same). Blatt and Martin have also devoted substantial effort to this matter, working to consolidate the related cases, coordinating with Plaintiffs' counsel in the related actions, and managing contacts with Warner Music Group customers.[2] In re Bank of Am. Corp. Sec., Derivative & ERISA Litig., 258 F.R.D. 260, 274 (S.D.N.Y. 2009) (counsel appointed by court "underscore[d] their ability to coordinate their activities and seek consensus" by, inter alia, "filing the first three complaints . . . , obtaining . . . documents and requesting additional documents from [defendant, and] interviewing and surveying class members . . . [,] demonstrat[ing] the firms' expertise [and] ability to work cooperatively."). Combs and Kuhn have also proposed a "diverse team of lawyers" who will "represent[] the inevitable diversity of the Plaintiffs in this case. . . ." (Combs and Kuhn Br. (Dkt. 47) at 23) See In re Bystolic

---

[2] Watts complains that the Combs and Kuhn application is "lawyer-driven," noting that no client affidavits have been submitted in support of their application. (Watts Br. (Dkt. No. 44) at 4; Watts Reply (Dkt. No. 45) at 1-2) Watts has submitted no case law suggesting that client affidavits are necessary in connection with a motion for the appointment of interim lead counsel, however.

4

Antitrust Litig., 2020 WL 6700830, at *2 (appointing applicant who, inter alia, committed to working with "a diverse pool of lawyers"). That Blatt and Martin are not members of the New York bar (see Watts Opp. (Dkt. No. 51) at 5) does not suggest that their application should be denied, given their experience and expertise in data breach class actions.

For all of these reasons, Combs and Kuhn's motion for the appointment of Blatt and Martin as interim co-lead counsel will be granted, and Watts's motion for the appointment of Federman as interim co-lead counsel will be denied.

## II.    EXECUTIVE COMMITTEE

As to the executive committee, Watts expresses concern that the proposed executive committee includes "multiple law firms appearing on the same complaints, thus leading to firms 'doubling up.'" (Watts Br. (Dkt. No. 44) at 3; Watts Opp. (Dkt. No. 51) at 5) But Watts does not propose an alternative composition, nor does he suggest that an executive committee should not be appointed. Instead, Watts argues that "there is no logical reason why Mr. Federman should not at least be included" in the executive committee. (Watts Br. (Dkt. No. 44) at 3)

Committees of counsel often "compet[e against] considerations of efficiency and economy," however, and "can lead to substantially increased costs and unnecessary duplication of efforts." In re Crude Oil Commodity Futures Litig., No. 11 CIV. 3600 WHP, 2012 WL 569195, at *2 (S.D.N.Y. Feb. 14, 2012). At this stage of the litigation, it is not clear that a leadership structure beyond the two co-lead counsel is necessary to serve Plaintiffs' needs. See id. ("Committees are most commonly needed when group members' interests and positions are sufficiently dissimilar to justify giving them representation in decision making." (citation omitted)); see also In re Bystolic Antitrust Litig., 2020 WL 6700830, at *2 (denying a motion to

appoint an executive committee) (collecting cases).  Accordingly, as to the appointment of an executive committee, both Combs and Kuhn's application and Watts's application will be denied.

## CONCLUSION

Plaintiffs Combs and Kuhn's motion for the appointment of Gayle Blatt and Jean Martin as interim co-lead counsel is granted.  Plaintiffs Combs and Kuhn's motion for the appointment of Janine Pollack (Calcaterra Pollack, LLP), Lori Feldman (George Gesten McDonald, PLLC), Melissa Emert (Stull, Stull & Brody), M. Anderson Berry (Arnold Law Firm), Carl Malmstrom (Wolf Haldenstein Adler Freeman & Herz LLC) and Yitzchak Kopel (Bursor & Fisher, P.A.) to an executive committee is denied.  (Dkt. Nos. 26, 46)  Plaintiff Noah Watts's motion for the appointment of William B. Federman as interim co-lead counsel or, alternatively, to an executive committee, is denied.  (Dkt. Nos. 33, 44)

Pursuant to the Court's November 10, 2020 Order (Dkt. No. 35), any consolidated complaint must be filed by **March 19, 2021**.  Defendant will answer or otherwise respond to the consolidated complaint by **April 9, 2021**.  The February 25, 2021 initial pretrial conference is adjourned sine die.  The Clerk of Court is directed to terminate the motions (Dkt. Nos. 26, 28, 33, 44, 46).

Dated: New York, New York
       February 22, 2021

SO ORDERED.

Paul G. Gardephe
United States District Judge