**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: WARNER MUSIC GROUP DATA BREACH<br><br>This case relates to: ALL ACTIONS | Case No.: 1:20-cv-07473-PGG |

## [redacted] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

The Court has received the Settlement Agreement and Release (ECF No. 112-1) (the "Settlement Agreement"), entered into between Plaintiffs Levi Combs, Esteban Trujillo, Christie Kuhn, Susan Cakl, Raistlin Beardsley, Nicholas Cimaglio, Ali Gutierrez, Ashley Foster, Jon Hart, Courtney Hammett, Noah Watts, Alexander Buck, and Linda Stevens (collectively, "Plaintiffs" or "Class Representatives"), individually and as representatives of the Settlement Class (as defined below), and Defendant Warner Music Group Corp. ("Warner") (collectively, the "Parties").

After reviewing the Settlement Agreement and other documents filed in support of the Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion"), and having considered the arguments by the respective parties, THE COURT HEREBY ORDERS THE FOLLOWING:

1. <u>Jurisdiction</u>. The Court preliminarily finds that the Court has personal jurisdiction over all Settlement Class Members (as defined in the Settlement Agreement), that the Court has subject-matter jurisdiction over the claims asserted in this action, and that venue is proper.

Case 1:20-cv-07473-PGG Document 112-6 Filed 08/19/26 Page 3 of 11

2. Preliminary Approval of the Proposed Settlement Agreement. The Court hereby grants preliminary approval of the proposed settlement upon the terms and conditions set forth in the Settlement Agreement. The Court preliminarily finds that the Parties have shown the Court it will likely be able to approve the proposed settlement, as embodied in the Settlement Agreement, as being fair, adequate and reasonable under Rule 23(e) of the Federal Rules of Civil Procedure ("Rule 23").

3. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement: (a) is the result of informed, arm's-length negotiations between experienced class action attorneys and made with the assistance of the mediation services of Bennett G. Picker, Esq.; (b) is sufficient to warrant notice of the Settlement and Final Approval Hearing to be disseminated to the Settlement Class; and (c) meets all applicable requirements of law, including Rule 23 and the Class Action Fairness Act, 28 U.S.C. § 1715, and the United States Constitution. The Court further preliminarily finds that the terms of the Settlement Agreement have no obvious deficiencies and do not improperly grant preferential treatment to any individual Settlement Class Member.

## I. PRELIMINARY CERTIFICATION OF THE SETTLEMENT CLASS

4. Settlement Classes. The Court orders that the Settlement Class and the California Subclass are each preliminarily certified for settlement purposes only. The "Settlement Class" is defined as "[a]ll natural persons residing in the United States who made payment card purchases on Warner's e-commerce websites between April 25, 2020 and August 5, 2020." The "California Subclass" is defined as: "[a]ll members of the Settlement Class who were residents of the State of

Case 1:20-cv-07473-PGG Document 112-6 Filed 08/19/26 Page 4 of 11

California between April 25, 2020 and August 5, 2020, and who made payment card purchases on Warner's e-commerce websites during that time period." Excluded from the Settlement Class are (i) Warner; (ii) Warner's parents, subsidiaries, affiliated entities under common corporate ownership, officers, directors, and employees; (iii) any entity in which Warner has a controlling interest; (iv) any individual who would otherwise be included in the Settlement Class, but has agreed, in another proceeding, to release claims covered by this Settlement Agreement; and (v) any judge presiding over this Action, their staff, and the members of the judge's immediate family.

5. The Court finds that, for purposes of the settlement, subject to the Final Approval Hearing, the above-defined Settlement Class meets all of the requirements for class certification. The Court further finds that, for purposes of the settlement only, the requirements of Rule 23 are satisfied and that: a) the Settlement Class is ascertainable; b) the members of the Settlement Class are so numerous that joinder is impracticable; c) there are questions of law and fact common to the Settlement Class Members which predominate over any individual questions; d) the representative Plaintiffs' claims are typical of the claims of the Settlement Class Members; e) Class Representatives and Class Counsel have fairly, adequately, reasonably and competently represented and protected the interests of the Settlement Class; and f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6. Class Representatives. For the purposes of settlement only, the Court appoints Levi Combs, Esteban Trujillo, Christie Kuhn, Susan Cakl, Raistlin Beardsley, Nicholas Cimaglio, Ali Gutierrez, Ashley Foster, Jon Hart, Courtney Hammett, Noah Watts, Alexander Buck, and Linda Stevens as Class Representatives for the Settlement Class. The Court finds that the Settlement Class Representatives will adequately protect the interests of the Settlement Class.

Case 1:20-cv-07473-PGG Document 112-6 Filed 08/19/26 Page 5 of 11

7. Class Counsel. For the purposes of settlement only, the Court appoints attorneys Jean S. Martin of the law firm Aylstock Witkin Kreis & Overholtz PLC and Gayle M. Blatt of the law firm Casey Gerry Francavilla Blatt LLP as Class Counsel for the Settlement Class. The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel on behalf of the Settlement Class.

## II. NOTICE AND SETTLEMENT ADMINISTRATION

8. Settlement Administrator. The Court appoints EisnerAmper as the Settlement Administrator. The Settlement Administrator is directed to carry out the Notice Plan in conformance with the Settlement Agreement and the below stated schedule, and to perform all tasks that the Settlement Agreement requires of it.

9. Qualified Settlement Fund. The Settlement Administrator is authorized to establish the Settlement Fund under 26 C.F.R. §§ 1.468B-1(d)(1) for federal tax purposes. The Settlement Fund shall be a court-approved Qualified Settlement Fund ("QSF") for federal tax purposes pursuant to Treas. Reg. § 1.468B-1. Warner shall be the "transferor" to the QSF within the meaning of Section 1.468B-1(d)(1) of the Treasury Regulations with respect to the Settlement Fund. The Settlement Administrator shall be the "administrator" of the QSF within the meaning of Section 1.468B-2(k)(3) of the Treasury Regulations, responsible for causing the filing of all tax returns required to be filed by or with respect to the QSF, paying from the QSF any taxes owed by or with respect to the QSF, and complying with any applicable information reporting or tax withholding requirements imposed by Section 1.468B-2(l)(2) of the Treasury Regulations or any other applicable law on or with respect to the QSF. Warner shall provide to the Settlement Administrator any documentation reasonably requested by the Settlement Administrator that is required to obtain QSF status for the Settlement Fund pursuant to Treas. Reg. §1.468B-1. All taxes

Case 1:20-cv-07473-PGG Document 112-6 Filed 08/19/26 Page 6 of 11

or income or interest generated by the Settlement Fund, if any, shall be paid out of the Settlement Fund.

10. Class Notice. The Court approves the proposed manner of the Notice of Settlement set forth in the Settlement Agreement. As set forth in ¶ 7.2 of the Settlement Agreement, the Settlement Administrator shall disseminate direct notice to each Settlement Class Member for whom Warner has available contact information.[1] The Court approves, as to form and content, the Notice Plan, the Settlement Website, the Toll-Free Number, and the forms of notice (attached as Exhibits B (Email Notice), C (Postcard Notice), and D (Detailed Notice) to the Settlement Agreement). Nonmaterial modifications to the notices may be made by the Settlement Administrator without further order of the Court, so long as they are approved by the Parties and consistent in all material respects with the Settlement Agreement and this Order.

11. The Court finds that the content, format, and method of disseminating the Notice of Settlement set forth in the Settlement Agreement and in paragraph 10 above: (a) constitute the best notice practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of this action, the terms of the proposed Settlement Agreement, and their rights to object to the Settlement Agreement and to exclude themselves from the Settlement Class; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Rule 23, the United States Constitution and the requirements of due process, and any other legal requirements. The Court further finds that the notices are written in plain language, use simple

[1] Warner shall provide to the Settlement Administrator any names, addresses, phone numbers, email addresses, and mailing addresses in its possession for those for whom Warner does not have email addresses, for all members of the Settlement Class within ten (10) calendar days after issuance of this Order. The Settlement Administrator shall keep all identities and contact information of Settlement Class Members confidential, using them only for purposes of administrating this settlement.

Case 1:20-cv-07473-PGG Document 112-6 Filed 08/19/26 Page 7 of 11

terminology, and are designed to be readily understandable by Settlement Class Members. Accordingly, the Court hereby approves such notice and directs that such notice be disseminated in the manner set forth in the proposed Settlement Agreement and consistent with Rule 23.

12. The Settlement Administrator shall provide notice consistent with the Notice Plan and notice shall begin to be disseminated to Settlement Class Members within thirty-five (35) calendar days after the Court issues this Order ("Notice Date"). All costs associated with providing all forms of notice, responding to inquiries from the Settlement Class, and performing all other Settlement Administrator's duties shall be paid out of the Settlement Fund as set forth in ¶ 3.2 of the Settlement Agreement.

13. CAFA Notice. The Court finds that the CAFA notice sent by the Settlement Administrator on behalf of Warner complies with the notice provisions of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and all other provisions of the Class Action Fairness Act of 2005.

## III. OPT OUT AND OBJECTION PROCEDURES

14. Exclusion from the Settlement Class. Any person falling within the definition of the Settlement Class may, upon request, be excluded or "opt out" from the Settlement Class. Settlement Class Members may opt out by timely sending a written Request for Exclusion form to the Settlement Administrator postmarked no later than sixty (60) calendar days after the Notice Date (the "Exclusion Deadline"). The written request to opt out must include: (i) the name of the Action; (ii) the person's full name, mailing address, email address, and telephone number; (iii) a specific statement of the person's intention to be excluded from the settlement; (iv) the identity of the person's counsel, if represented; and (v) be personally signed by the individual Settlement Class Member.

Case 1:20-cv-07473-PGG Document 112-6 Filed 08/19/26 Page 8 of 11

15. Settlement Class Members who timely opt out of the Settlement Agreement: a) will not be a part of the Settlement Agreement; b) will have no right to receive any benefits under the Settlement Agreement; c) will not be bound by the terms of the Settlement Agreement; and d) will not have any right to object to the terms of the Settlement Agreement or be heard at the fairness hearing. Any individual in the Settlement Class who does not submit a valid and timely Request for Exclusion in the manner described herein shall be deemed to be a Settlement Class Member upon expiration of the Exclusion Deadline, and shall be bound by all subsequent proceedings, orders, and judgments applicable to the Settlement Class (including the Final Approval Order and Final Judgment dismissing the Action).

16. No later than fifteen (15) calendar days after the Exclusion Deadline, the Settlement Administrator will provide Class Counsel and Warner's Counsel with the list of persons who have timely and validly excluded themselves from the Settlement Agreement.

17. Objections to the Settlement Agreement. Any Settlement Class Member, on his or her own, or through an attorney hired at his or her own expense, may object to the terms of the Settlement Agreement. Any such objection must be a written statement submitted to the Court by filing electronically, filing in person at any location of the United States District Court for the Southern District of New York, or by mail to the Clerk of the United States District Court for the Southern District of New York. Objections are to be filed with the Court or postmarked within sixty (60) calendar days after the Notice Date (the "Objection Deadline").

18. Any Settlement Class Member, on his or her own, or through an attorney hired at his or her own expense, may object to Class Counsel's motion for an award of attorney fees and expenses, and the Class Representatives' motion for service (or incentive) awards as set forth in paragraph 17, above.

19. To be effective, any objection described in paragraphs 17 or 18 above must contain all of the following information:

A. A caption or title that identifies it as an objection to the settlement of this Action, *In re: Warner Music Group Data Breach Litigation*, Case No. 1:20-cv-07473-PGG;

B. The Settlement Class Member's full name, mailing address, email address, and telephone number;

C. The objector's basis for believing they are a Settlement Class Member;

D. A statement whether the objector intends to appear at the Final Approval hearing and, if so, whether personally or through counsel;

E. A clear and concise statement of the grounds for the objection; and

F. A statement identifying their counsel, if they are represented by counsel.

20. If a Settlement Class Member hires an attorney other than Class Counsel to represent him or her, the attorney must: i) file a notice of appearance with the Court no later than the Objection Deadline, and ii) deliver a copy of the notice of appearance on Class Counsel and Warner's Counsel, no later than the Objection Deadline.

21. Settlement Class Members, or their attorneys, intending to make an appearance at any hearing relating to this Settlement Agreement, including the fairness hearing, must deliver to Class Counsel and Warner's Counsel, and file with the Court, no later than twenty-one (21) calendar days before the date of the hearing at which they plan to appear, or as the Court otherwise may direct, a notice of their intention to appear at that hearing.

## IV. FAIRNESS HEARING

22. Class Counsel's motion for an award of attorneys' fees and expenses, Class Representatives' motion for service awards, and designation of a non-profit Eligible Organization, will be filed with the Court no later than fourteen (14) calendar days before the Objection Deadline.

23. The Court will hold a Final Approval (fairness) hearing on January 29, 2027, at 10:00 [a.m.] [[redacted]] [a date is requested that is on or about 100 days after the date that the Court enters this Order], to consider the fairness, reasonableness and adequacy of the proposed Settlement Agreement as well as Class Counsel's motion for Attorneys' Fees and Expenses Award and Service Awards. The Court reserves the right to adjourn or continue the Final Approval (fairness) hearing without further notice to the Settlement Class Members.

24. Class Counsel's motion for Attorneys' Fees and Expenses Award and Service Awards will be considered separately from the fairness, reasonableness, and adequacy of the Settlement Agreement. Any order or proceeding relating to the amount of any award of attorneys' fees, costs, or expenses or Service Awards, or any appeal from any order relating thereto, or reversal or modification thereof, shall not operate to modify, terminate, or cancel the Settlement Agreement.

25. Reasonable Procedures. Class Counsel and defense counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement Agreement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the notices and other exhibits that they jointly agree are reasonable or necessary to further the purpose of effectuating the Settlement Agreement.

Case 1:20-cv-07473-PGG Document 112-6 Filed 08/19/26 Page 11 of 11

26. Extensions of Time. The time periods and dates provided in this Order may be altered by the Court or through written consent of the Parties' counsel, without notice to the Settlement Class; provided, however, that any such changes in the schedule of settlement proceedings will be posted on the Settlement Website.

27. Termination of the Settlement Agreement and Use of this Order. If the Judgment does not become final, the Parties shall be restored to their respective positions in the Action as of the date of the signing of the Settlement Agreement and this Order shall be null, void, and vacated, and shall not be used or cited thereafter by any person or entity.

IT IS SO ORDERED.

Dated: August 20, 2026

By: Paul G. Gardephe
Hon. Paul G. Gardephe
United States District Judge